IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK WILLIAMS,

        Plaintiff,                  No. 2:08-cv-1428-JFM (PC)

    vs.

C. J. O'HAGAN, et al.,

        Defendants.         ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, _ U.S. _, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson

1 v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, slip op. at 7-8, in turn quoting
2 Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the
3 court must accept as true the allegations of the complaint in question, Erickson, id., and construe
4 the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
5 (1974).

6       Plaintiff has named three defendants in his complaint, including J. Walker, the
7 Warden of Folsom State Prison.  The Civil Rights Act under which this action was filed provides
8 as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

12 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
13 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
14 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
15 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
16 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
17 omits to perform an act which he is legally required to do that causes the deprivation of which
18 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

19       Moreover, supervisory personnel are generally not liable under § 1983 for the
20 actions of their employees under a theory of respondeat superior and, therefore, when a named
21 defendant holds a supervisorial position, the causal link between him and the claimed
22 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
23 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
24 941 (1979).  There are no charging allegations against Warden Walker in the complaint.  For that
25 reason, the court will not order service of process on Warden Walker.
26 /////

3

1   The complaint states a cognizable claim for relief against the remaining named
2  defendants pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations of the
3  complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this
4  action.
5   In accordance with the above, IT IS HEREBY ORDERED that:
6   1. Plaintiff's request for leave to proceed in forma pauperis is granted.
7   2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
8  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
9  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
10 Director of the California Department of Corrections and Rehabilitation filed concurrently
11 herewith.
12   3. Service is appropriate for the following defendants:  C. J. O'Hagan and R. A.
13 Rosillo.
14   4. The Clerk of the Court shall send plaintiff two USM-285 forms, one summons,
15 an instruction sheet and a copy of the complaint filed June 23, 2008.
16   5. Within thirty days from the date of this order, plaintiff shall complete the
17 attached Notice of Submission of Documents and submit the following documents to the court:
18   a. The completed Notice of Submission of Documents;
19   b. One completed summons;
20   c. One completed USM-285 form for each defendant listed in number 3
21   above; and
22   d. Three copies of the endorsed complaint filed June 23, 2008.
23   6. Plaintiff need not attempt service on defendants and need not request waiver of
24 service.  Upon receipt of the above-described documents, the court will direct the United States
25 /////
26 /////

4

1 Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4
2 without payment of costs.
3 DATED: September 8, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

12
will1428.1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK WILLIAMS,

      Plaintiff,

vs.

C. J. O'HAGAN, et al.,

      Defendants.

                               /

No. 2:08-cv-1428-JFM (PC)

NOTICE OF SUBMISSION
OF DOCUMENTS

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

      \_\_\_\_\_      completed summons form

      \_\_\_\_\_      completed USM-285 forms

      \_\_\_\_\_      copies of the _____
                                      Complaint

DATED:

                                        _____
                                        Plaintiff