IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK WILLIAMS,

        Plaintiff,                      No. 2:08-cv-1428-JFM (PC)

    vs.

C. J. O'HAGAN, et al.,              ORDER AND

        Defendants.             FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on claims of excessive force raised against two correctional officer defendants named in plaintiff's original complaint. At screening pursuant to 28 U.S.C. § 1915A, the court found that the complaint failed to state a cognizable claim for relief against Warden J. Walker and declined to order service of process on Warden Walker. See Order filed September 9, 2008.

        On December 18, 2008, defendants O'Hagan and Rosillo filed a motion to dismiss for failure to exhaust administrative remedies prior to suit and for failure to comply with the state Tort Claims Act. In the alternative, defendants have moved for a more definite statement. On January 12, 2009, plaintiff filed a document styled "Declaration/Order fo Extension of Time to file Order Dismissing Complaint with Leave to Amend." On January 20,

1

2009, plaintiff filed a document styled as an amended complaint.  On January 26, 2009, defendants filed a reply brief in support of their motion to dismiss.

The court has reviewed plaintiff's January 20, 2009 amended complaint and finds that the document is in the nature of a proposed supplemental complaint pursuant to Fed. R. Civ. P. 15(d).  The supplemental complaint names two defendants, Warden J. Walker and Attorney General Edmund Brown, and contains numerous references to plaintiff's original complaint as well as new allegations concerning Warden Walker and Attorney General Brown's alleged "failure to take action to curb the physical abuse of electrodes, neurons, and devices of lobotomy pursuant to Statute Penal Code section 2650-2652" and a request for injunctive relief requiring Walker and Brown to "immediately arrange for the plaintiff's neurons' and electrodes, implant devices of tunneling tunning jels to be removed," etc.  Supplemental Complaint, filed January 20, 2009, at 3,4.

Plaintiff's January 12, 2009 request is a request for leave to file a supplemental complaint and, so construed, will be denied because the proposed supplemental complaint fails to state a cognizable claim for relief against either Warden Walker or Attorney General Brown. Given the nature of the allegations of the proposed supplemental complaint, however, the Clerk of the Court will be directed to send a copy of the pleading to counsel for plaintiffs in Coleman v. Schwarzenegger, Case No. 2:90-cv-0520-LKK-JFM (PC).

Plaintiff has attached to the supplemental complaint a request for appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

1          As noted above, defendants O'Hagan and Rosillo seek dismissal of this action due
2  to plaintiff's failure to exhaust administrative remedies prior to suit.  On October 7, 2008, the
3  court advised plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust
4  administrative remedies pursuant to the unenumerated provisions of Fed. R. Civ. P. 12(b).  See
5  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

> "Section 1997e(a) of Title 42 of the United States Code provides:
> No action shall be brought with respect to prison conditions under
> [42 U.S.C. § 1983], or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.
>
> This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)."

McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. Dec. 5, 2002).  Exhaustion must precede the filing of the complaint; compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action.  Id. at 1200.  Defendants have the burden of proving that plaintiff failed to exhaust available administrative remedies.  See Wyatt, 315 F.3d at 1120.

> California's Department of Corrections provides a four-step
> grievance process for prisoners who seek review of an
> administrative decision or perceived mistreatment. Within fifteen
> working days of "the event or decision being appealed," the inmate
> must ordinarily file an "informal" appeal, through which "the
> appellant and staff involved in the action or decision attempt to
> resolve the grievance informally." Cal.Code Regs., tit. 15, §§
> 3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not
> resolved during the informal appeal, the grievant next proceeds to
> the first formal appeal level, usually conducted by the prison's
> Appeals Coordinator. Id. §§ 3084.5(b), 3084.6(c). Next are the
> second level, providing review by the institution's head or a
> regional parole administrator, and the third level, in which review
> is conducted by a designee of the Director of the Department of
> Corrections. [Footnote omitted.] Id. § 3084.5(e)(1)-(2).

Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005.)

          In support of their motion to dismiss, defendants have presented evidence that plaintiff submitted a grievance concerning the claims at bar at the first formal level of review, but that he did not pursue that grievance to either the second or the third and final level of review. See Declaration of R. Carter in Support of Motion to Dismiss, filed December 17, 2008, at ¶ 8;

see also Declaration of N. Grannis in Support of Motion to Dismiss, filed December 17, 2008, at ¶ 8. Plaintiff has not presented any evidence to the contrary. Accordingly, plaintiff's § 1983 claims should be dismissed for failure to exhaust administrative remedies prior to suit. Because plaintiff's federal claims must be dismissed, the court should decline to exercise supplemental jurisdiction over state law claims, if any, contained in plaintiff's complaint. See 28 U.S.C. § 1367.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to assign this action to a United States District Judge;

2. Plaintiff's January 20, 2009 amended complaint is construed as a proposed supplemental complaint and plaintiff's January 12, 2009 request for leave to file that supplemental complaint is denied;

3. The Clerk of the Court is directed to send a copy of plaintiff's January 20, 2009 proposed supplemental complaint to Jane Kahn, Esq., Rosen, Bien & Galvan, 315 Montgomery Street, 10th Floor, San Francisco, CA 94014;

4. Plaintiff's January 20, 2009 request for appointment of counsel is denied; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' December 17, 2008 motion to dismiss be granted;

2. Plaintiff's § 1983 claims be dismissed for failure to exhaust administrative remedies prior to suit;

3. The court decline to exercise supplemental jurisdiction over state law claims, if any, contained in plaintiff's complaint; and

4. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written

4

1 objections with the court and serve a copy on all parties.  Such a document should be captioned
2 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
3 failure to file objections within the specified time may waive the right to appeal the District
4 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5 DATED:  February 12, 2009.

/s/ John F. Moulds
UNITED STATES MAGISTRATE JUDGE

12
will1428.mtd