IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK WILLIAMS,

      Plaintiff,                         No. 2:08-cv-1428-FCD-JFM (PC)

    vs.

C.J. O'HAGAN, et al.,

      Defendants.                    FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed March 6, 2009, the district court dismissed plaintiff's § 1983 claims for failure to exhaust administrative remedies prior to suit, declined to exercise supplemental jurisdiction over any state law claims contained in plaintiff's complaint, and dismissed the action. Judgment was entered on the same day. On March 19, 2009, plaintiff filed a document that appears to be a complaint. By order filed May 6, 2009, the court construed the document as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) and set a briefing schedule for the motion. On May 27, 2009, defendants filed an opposition to the motion.

/////

/////

1

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b)(1), (6). "Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court." <u>Allmerica Financial Life Insurance and Annunity Company v. Llewellyn</u>, 139 F.3d 664, 665 (9th Cir. 1997).

This action was dismissed due to plaintiff's failure to exhaust administrative remedies for his §1983 claims prior to suit, as required by 42 U.S.C. § 1997e(a).[1] In his motion for relief from judgment, plaintiff re-argues the merits of defendants' motion to dismiss for failure to exhaust administrative remedies, but he has presented no evidence that he exhausted administrative remedies prior to suit and any contention that he was not required to so is without merit. Plaintiff's motion for relief from judgment should be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's March 19, 2009 motion for relief from judgment be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

/////

/////

/////

---

[1] The district court also declined to exercise supplemental jurisdiction over state law claims, if any, contained in plaintiff's complaint.

1  failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: October 13, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

12
will1428.mrj